## 25957. ATLANTIC COAST LINE RAILROAD CO. *v.* HEATH *et al.*

DECIDED FEBRUARY 27, 1937.

 

*Abrahams, Bouhan, Atkinson & Lawrence, Melville Price,* for plaintiff in error.

*F. R. Youngblood, Highsmith & Highsmith, W. C. Hodges,* contra.

FELTON, J. The plaintiff in error applied for an order removing this case to a Federal court, on the theory that there was a separable controversy between it and the plaintiff in the court below, in that the suit was for simple negligence as to which both of the defendants were charged, and that the petition showed on its face that the plaintiff was guilty of contributory negligence which would preclude her from recovering from the resident defendant, in the absence of a charge of wanton negligence. It will not be necessary for us to decide whether a petition contains a separable controversy where it alleges a case of simple negligence against both resident and non-resident defendants, and by its allegations strikes down the case against the resident defendant by affirmatively showing contributory negligence sufficient, as a matter of law, to defeat the recovery against the resident defendant.

The petition against the railroad company and its resident engineer alleged that the petitioner's husband worked for the railroad company as section foreman and was required to live in a section foreman's house on the west side of the railroad-tracks, about one and one quarter miles north of the station of McIntosh; that the tracks of the road on both sides of the foreman's house and in front of it were on an embankment about forty-five feet in width and about eight feet high, having thereon three sets of tracks, main lines on the east and the west sides, and a passing track in the center which extended from near McIntosh up to and about 500 feet beyond the section-houses; that the only road or outlet from the foreman's house, 300 feet from the tracks, was a walk leading from the house to and up on the embankment on which the tracks were located; that the company built a bridge across a wide ditch between said embankment and said residence, and provided steps up the embankment with the intent that the road-bed be used as a means of travel between said place and a car-house, located on the same side of the track as the residence, about 500 feet south thereof, where the section cars and tools were

stored when not in use, and as a means of travel between said place, the car-house and station, and between said residence and the station, and as a necessary means of crossing the road-bed and tracks; that the only means provided for going to and from the car-house was up said embankment and down and on the road-bed to the car-house; that the company had never withdrawn its implied permission and invitation to use the road-bed as a walk-way between said steps, the car-house, and the station, and made no objection thereto; that for the past ten years the road-bed had been used by the company's employees and their families as a walk-way, without objection; that petitioner's two boys had so used said road-bed to get to a school bus; that the company and the engineer had knowledge of the fact that the road-bed was used as a crossing by petitioner, her family, and others, and that the engineer ran his train by the place frequently, and they were both bound to anticipate the presence of persons on the tracks at that point. Without detailing the other allegations as fully as we have done thus far, the remainder of the petition alleged that the plaintiff sent her eleven-year-old son, who was on his way to school, by the car-house to get money from his father; that while he was on one of the tracks, watching a train go by, another train driven by the defendant engineer struck him and killed him; and that the boy was not negligent. The petition alleged negligence (1) in the running of the train at an excessive rate of speed, (2) without having it under control, (3) without anticipating the presence of petitioner's son, (4) without keeping a lookout ahead for the purpose of discovering the presence of petitioner's son, (5) in running said train at the time and place without blowing the whistle, and without sounding a sufficient alarm to put petitioner's son on notice of the approach of the train from his rear, (6) in running said train in said manner and at such a high rate of speed without seeing and observing that petitioner's son was intently looking at another approaching train and that his attention was so concentrated on it as to make him unaware of the approach of the train which struck him, and (7) in not running the train so as to avoid the injury to petitioner's son or other person on said track and road-bed.

For the purposes of decision in this particular case, it is impliedly conceded by the plaintiff in error, that the petition sets

forth a joint cause of action against the defendants if the allegations as to the petitioner having sent her eleven-year-old son on the tracks are left out of consideration; so the principal question for consideration is whether the allegation nullifies the petition so far as the resident engineer is concerned. The plaintiff in error contends that the allegations that the company required the petitioner's husband to live in the section-house, thus necessitating the family's use of the tracks, showed an act of negligence with which the engineer could not be charged, and that the pleading thereof is the gist of the action, and not the mere inducement. We hold that these allegations are made in explanation of why both the defendants should have anticipated the presence of the boy on the track, and therefore why they owed him the duty to exercise ordinary care to avoid injuring him, and do not make a different and separate case against the railroad. If as a matter of law the allegations of contributory negligence on the part of the petitioner would preclude a recovery against the resident engineer defendant, it might present a case which would require a decision that there was a separable controversy; but under the law of this State the questions of contributory negligence and comparative negligence are exclusively questions for a jury, and it would be a question for them to decide in this case whether, if the petitioner was negligent, she was guilty of such negligence as would bar her right to recover. *Savannah Electric Co.* v. *Thomas*, 30 *Ga. App.* 405 (13) (118 S. E. 481); *Western & Atlantic R.* v. *Michael*, 44 *Ga. App.* 503, 509 (162 S. E. 294). Since we can not decide this as a matter of law from a consideration of the petition, the judgment denying an order of removal must be

*Affirmed. Stephens, P. J., and Sutton, J., concur.*